IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARVIN BOYD, et al.,

                Plaintiff,                Case No. 3:07 CV 1192

-vs-

                                                MEMORANDUM OPINION

ALLIED HOME MORTGAGE
CAPITAL CORPORATION, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on the motion of Defendant, Federal Deposit Insurance Corporation (FDIC), as Receiver for BankUnited, FSB, for summary judgment (Doc. 106). In its motion, the FDIC contends that venue is improper in this Court. Plaintiffs, Marvin and Barbara Boyd, have filed a response (Doc. 114), to which the FDIC has filed a reply (Doc. 119). The Court finds that venue is not proper in the Northern District of Ohio, and will transfer the case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a).

**I. Background**

In 2005, the Boyds received a letter from former defendant Allied Home Mortgage Capital Corporation ("Allied") regarding a possible home refinancing. They arranged a meeting with Allied employee Christopher Campbell. At that meeting, which took place at the Boyds' home, the Boyds spoke with Campbell about refinancing their home and their credit cards. Two to three weeks later, the Boyds met with Campbell and one other person. At this meeting, the Boyds executed an Adjustable Rate Note ("Note") for a mortgage through former defendant Bank United, FSB. The Note was a loan in the amount of $252,0000 with an initial, "teaser" interest

rate of .95%. That interest rate was only effective for 30 days, after which the rate was subject to change.

On April 23, 2007, the Boyds filed a complaint in this Court against Allied and Bank United, alleging breach of fiduciary duty, conspiracy, and other state law claims. In a memorandum opinion issued in November 2007, the Court compelled arbitration of the claims against Allied. Those claims have been resolved. On May 21, 2009, the Office of Thrift Supervision declared Bank United insolvent and appointed the FDIC as its Receiver. The FDIC accepted its appointment as Receiver pursuant to 12 U.S.C. § 1821(c)(3)(A).

On October 19, 2009, the Court granted the FDIC's motion to substitute it as a party, and stayed the case. On March 31, 2010, the FDIC denied the Boyds' claims. On April 6, 2010, the Boyds filed a status report notifying the Court that the FDIC had denied their claims, and asserting that "this Notice allows the Plaintiffs to proceed with their lawsuit." The Boyds additionally requested that the Court hold a case management conference. The Court held a telephone conference on April 20, 2010, at which the Court set deadlines for motion practice in this matter.

**II. Discussion**

The FDIC argues that venue is no longer proper in this Court pursuant to 12 U.S.C. § 1821(d)(6)(A). That statute provides that when claimants, like the Boyds, are not satisfied with the FDIC's determination of their claims, they may seek administrative review of the claim or "file suit on such claim (or continue an action commenced before the appointment of the receiver)" in one of two venues: either "the district court or territorial court of the United States for the district within which the depository institution's principal place of business is located" (which would be the United States District Court for the Southern District of Florida in this case),

or "the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)." The requirements of this provision "are treated as venue, rather than jurisdictional, requirements." *Matter of 5300 Memorial Investors, Ltd.*, 973 F.2d 1160, 1163 (5th Cir. 1992).

Plaintiffs contend that the FDIC has waived its right to challenge venue in the Northern District of Ohio. The Court cannot agree. This case was stayed immediately after the FDIC was substituted as a party. The FDIC raised the venue issue in its first filing following the lifting of the stay. Therefore, the FDIC has not waived the right to challenge venue.

Plaintiffs request that, if the Court finds that the FDIC has not waived its venue argument, the case be transferred to the United States District Court for the District of Columbia. Pursuant to 28 U.S.C § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that a transfer would be "in the interest of justice" in this case. The Plaintiffs' decision to seek to continue their case in the Northern District of Ohio does not reflect any lack of diligence on their part, as venue was proper in this Court at the time their case was originally filed. Cf. *Stanifer v. Brannan*, 564 F.3d 455 (6th Cir. 2009) (affirming district court's decision to dismiss rather than transfer action when initial filing in district court was due to the plaintiff's "complete lack of diligence in determining the proper forum in the first place). Dismissing the case, rather than transferring it, would merely result in needless delay for the Plaintiffs in this suit. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) ("If by reason of the uncertainties of proper venue a mistake is made, Congress, by enactment of 28 U.S.C. §

3

1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'").

**III. Conclusion**

For the foregoing reasons, the Court transfers venue of this case to the United States District Court for the District of Columbia.

IT IS SO ORDERED.

                                              s/ *David A. Katz*
                                              DAVID A. KATZ
                                              U. S. DISTRICT JUDGE